## PEOPLE *ex rel.* ORMAN *v.* RILEY.

THE mere fact that a man is a soldier in the United States army, does not disqualify him from voting in this State. But he cannot vote unless he has been a citizen of the State and of the county in which he votes, for the constitutional period.

And a mere residence or sojourn in the county as a soldier, does not make him a citizen, or prove him to be such. The rule, as fixed by the Constitution, is that the fact of such sojourn or residence as a soldier, neither creates nor destroys citizenship—leaving the political *status* of the soldier where it was before.

A copy of a copy of a muster roll of United States soldiers is not admissible in evidence to prove a man to be a soldier.

Where the right of a United States soldier to vote is contested, the burden of proof is upon the contestant.

APPEAL from the County Court of Del Norte.

The only evidence offered in this case was the election returns, the muster roll, and the testimony of Turner. The returns show the whole number of votes cast for Sheriff to have been five hundred and forty, of which defendant received two hundred and seventy-seven, and contestant, plaintiff, two hundred and sixty-three. At the election precinct, at a certain fort in the county, there were cast fifty-four votes, of which defendant received forty-eight, plaintiff six. Contestant claimed that forty-five of these votes were illegal, because cast by United States soldiers of company D. etc. The muster roll was offered in connection

with the testimony of Turner, who was the acting first lieutenant and assistant quartermaster of said company, and one of the Judges of· election at said precinct, that said roll was signed by Crooks, the commanding officer of the company, and gives in the first column the names of the forty-five soldiers who voted as above, and in the second column the date of enlistment, time of service, States where enlisted; that it is a rule to muster every two months, and make out new rolls; that part of the roll offered in evidence was copied from the former roll, and that such roll always contains a copy, from the previous rolls, of the names, date of enlistment, etc. of those continuing in service; that this roll was the muster roll of the company at the time of the election, and that forty-five of the soldiers thereon voted as above claimed; that nearly all said soldiers enlisted out of the State of California. Defendant objected to that portion of the roll which was copied, on the ground that no foundation had been laid for its reception. Objection overruled, defendant excepting.

The contestant had judgment below, on the ground that the votes cast by the soldiers were illegal. Defendant appeals.

*Hoge & Wilson*, for Appellant.

*Hereford & Long*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was a contest for the office of Sheriff. The only point we think it necessary to notice, is the objection to the admission of a muster roll offered, to show that some contested votes given at one of the precincts of the county, were given by soldiers of the United States army stationed there. The *mere fact* that the men voting were soldiers of the United States army, did not disqualify them from voting. But they were not entitled to vote unless citizens of this State and of the county for the required period before the election; and a mere residence, or sojourn in the county in this capacity, does not make them citizens, or prove them to be such. The rule, as fixed by the Constitution is, that the fact of such sojourn or residence as soldiers, neither creates nor destroys citizenship—leaving the political *status* of the soldier where it was before.

But the proposed proof was not admissible. The muster roll was a

mere copy of a copy, and not authenticated in any such manner as to make it evidence of the facts which the paper asserts. We know of no case which recognizes the admissibility of such evidence, and we are not aware of any principle or rule which would justify it.

It seems to us that the proof that these men were soldiers, and not citizens of the county, is very simple. It could, we presume, be easily shown that these men came into the county as soldiers, and that they have been since acting as such, and that they were not citizens of the county before; and thus the presumption would arise that they were not legal voters. But the burden of this proof rests upon the party contesting their right to vote.

Judgment reversed, and cause remanded for a new trial.